IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KURTIS JEWELL, on behalf of himself and all others similarly situated, : : : | |
| Plaintiff, : : | CIVIL ACTION NO. 1:12-CV-0563-AT |
| v. : : | |
| AARON'S, INC. : : | |
| Defendant. : : | |

## ORDER

This matter is before the Court on Defendant's Motion for Certification of Issue for Interlocutory Appeal, Tolling of Statute of Limitations, and Stay of Proceedings Pending Resolution of Appeal [Doc. 81]. For the reasons advanced by Plaintiff in his Memorandum in Opposition to Defendant's motion and those set forth below, Defendant's motion is **DENIED**.

### I.   BACKGROUND

After reviewing the parties' extensive briefing and evidentiary submissions, hearing oral argument, and ordering Plaintiff to supplement his supporting declarations, this Court granted Plaintiff's Motion for Conditional Certification of an FLSA collective action on June 28, 2012. (*See* Doc. 79.) Defendant seeks an interlocutory appeal from the Court's order on the basis that there is a substantial difference of opinion within the Eleventh Circuit regarding the appropriate

standard for determining whether a potential class is similarly situated for purposes of conditional certification pursuant to 29 U.S.C. § 216(b) as expressly recognized by this Court in the June 28, 2012, Order.

## II.  LEGAL STANDARD UNDER 28 U.S.C. § 1292

To be granted permission for an interlocutory appeal of a non-final order pursuant to 28 U.S.C. § 1292(b), Defendant here must demonstrate that there is "a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also McFarlin v. Conseco* Serv., LLC, 381 F.3d 1251, 1264 (11th Cir. 2004).  Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances.  *McFarlin*, 381 F.3d at 1256.  Interlocutory appeals under 28 U.S.C. § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin*, 381 F.3d at 1259.  Indeed, the Supreme Court has instructed that an appeal gives the higher court "a power of review, not one of intervention." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  Accordingly, § 1292 disallows appeals "from any decision which is tentative, informal or incomplete" or on any matter that "remains open, unfinished or inconclusive." *Id.*

In *McFarlin*, the Eleventh Circuit explained that a "controlling question of law" as contemplated by § 1292(b) is

> a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . . The term 'question of law' does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'

*McFarlin*, 381 F.3d at 1258 (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir.2000)) (internal citations omitted). With regard to the requirement that there be a "substantial ground for difference of opinion" to warrant an interlocutory appeal, the Eleventh Circuit has held that a question of law as to which the appeals court is in "complete and unequivocal" agreement with the district court is not a proper one for § 1292(b) review. *Id.* (quoting *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 788-89 (11th Cir. 1992). Accordingly, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin*, 381 F.3d at 1259.

### III. ANALYSIS

The primary basis for Defendant's motion is the June 28th Order's passing reference in a footnote to Defendant's reliance on non-binding district court cases in Florida that appeared to engage in a more factually intensive and stringent analysis than that applied by courts in this district under the Eleventh Circuit's

3

"fairly lenient" standard for granting conditional certification at the notice stage in FLSA cases. The footnote states as follows:

> Several courts in this district have recently granted conditional certification under the FLSA applying the fairly lenient standard. *Riddle*, 2009 WL 3148768 (N.D. Ga. 2009) (Story); *McCray v. Cellco Partnership*, 2011 WL 2893061 (N.D. Ga. 2011) (Jones) (rejecting defendant's reliance on non-binding district court decisions and arguments in opposition to certification in recognition that the court's analysis is more stringent, and the plaintiff's burden is heavier at the second decertification stage); *Scott*, No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *2 (N.D. Ga. May 3, 2006) (Thrash, J.) (declining to resolve factual issues or make credibility determinations at this stage); *Kreher v. City of Atlanta, Ga.*, No. 1:04-cv-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) (Duffey, J.) ("a court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists."); *Clincy v. Galardi South Enterp., Inc.*, No. 1:09-cv-2082-RWS, 2010 WL 966639 (N.D. Ga. Mar. 12, 2010) (Story J.); *Cash v. Gwinnett Sprinkler Co.*, No. 1:08-cv-2858-JOF, 2008 WL 5225874 (N.D. Ga. Dec. 12, 2008) (Forrester, J.) (noting the allegation of a common practice by the defendant as the basis for granting certification). ***However, Defendant relies on several cases from the district courts in Florida that appear to undertake a more factually intensive and stringent analysis resulting in the denial of conditional certification.***

(Doc. 79 at 6, fn.4.) (emphasis added). Defendant contends that this Court, citing to other decisions in the Northern District of Georgia, applied a more lenient standard to the similarly situated analysis under 29 U.S.C. § 216 (b) than other courts have in this Circuit.[1] (Doc. 81-1 at 5-6.) Moreover, Defendant asserts that

---

[1] To the contrary, this Court actually engaged in a more factually intensive and stringent analysis than some other courts in this district under the Eleventh Circuit's fairly lenient standard. (*See* Doc. 79 at 10 (noting this Court's refusal to accept "the bare-boned record originally presented by the Plaintiff in this case," despite other district courts finding that generalized declarations may be sufficient at the first stage of the certification process for certain collective actions, and requiring Plaintiff to submit more detailed declarations)). Accordingly, because the Court engaged in the somewhat more rigorous analysis advocated by Defendant in its review of

4

footnote 4 recognizes a conflict within the Eleventh Circuit as to the appropriate standard applicable to the conditional certification stage for a purported FLSA collective action. It is apparent, however, that Defendant's real beef with this Court's Order is its belief that the Court was simply wrong to grant conditional certification under the factual circumstances of this case. Such a challenge is not properly appealable under 28 U.S.C. § 1292(b) as discussed below.

A. **Whether There is a Circuit Conflict as to the Appropriate Standard to Apply to Conditional Certification of FLSA Collective Actions**

Defendant seeks review of the following issue, which Defendant contends is a "controlling question of law":

> What is the appropriate standard for determining whether a potential class is similarly situated for purposes of conditional certification pursuant to 29 U.S.C. § 216(b)?

(Doc. 81-1 at 4.) Defendant's request is completely frivolous. There is simply no debate in this Circuit as to "the appropriate standard" for conditional certification of a FLSA collective action under 29 U.S.C. § 216(b)'s "similarly situated" requirement. Indeed, the Eleventh Circuit's discussion of the standard for FLSA collective action certification in *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001) and *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007) clearly illustrates why an interlocutory appeal is not appropriate here.

---

Plaintiff's motion, the Court finds Defendant's Motion for Interlocutory Appeal to be grossly overstated and off-base.

In *Hipp*, the Eleventh Circuit reiterated that the similarly situated requirement under § 216 (b) is not very stringent in this Circuit, stating:

> This Court expressed its view of the similarly situated requirement in [*Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)]: "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." 79 F.3d at 1095. . . . "[P]laintiffs bear the burden of demonstrating a reasonable basis for their claim of classwide discrimination. The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097 (internal citations and quotation marks omitted). The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases.

*Hipp*, 252 F.3d at 1219. The Eleventh Circuit noted in *Anderson* that the Court's prior opinions in *Hipp* and *Grayson* provide "the appropriate analysis for making the necessary determination" under the Circuit's "similarly situated" standard. *Anderson*, 488 F.3d at 952. Moreover, *Anderson* reasoned that the fairly lenient standard adopted in *Grayson* is most useful when making a certification decision early in the litigation before discovery has been completed. *Id.* (citing *Hipp*, 252 F.3d at 1217-19).

Furthermore, in *Hipp* the Eleventh Circuit recommended rather than mandated that district courts use the two-tiered approach to certification of an FLSA class action. *Hipp*, 252 F.3d at 1219.

> Nothing in our circuit precedent, however, requires district courts to utilize [two-tiered] approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23,

6

> remains soundly within the discretion of the district court. *See Grayson*, 79 F.3d at 1097 (§ 216(b) class); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir.2000) (Rule 23 class), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001) . . . . Given the flexibility of the similarly situated requirement under *Grayson*, we cannot find the district court abused its discretion in allowing the opt-in class in this case.

252 F.3d at 1219. Thus, it is clear that the decision to conditionally certify a collective FLSA action lies within the sound discretion of the Court. *Id. See also Anderson,* 488 F.3d at 953 (noting that the Court's decision to grant or deny class certification at either the first or second stage rests largely within the district court's discretion based on a review of the factual allegations and evidence presented). Moreover, the Eleventh Circuit recognizes, in deciding whether to certify a collective action, that the district court has "a range of choice[,] ... and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *Anderson*, 488 F.3d at 954 (quoting *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001)). Thus, under Eleventh Circuit precedent, district courts typically now use the two-tiered approach to certification of § 216(b) opt-in classes as the appropriate analysis for making the necessary determination of whether employees are "similarly situated," particularly in cases where certification of a collective action is sought before discovery is conducted.[2]

Defendant fails to cite a single case that calls into question "the appropriate standard" to apply to conditional certification. Furthermore, as Plaintiffs

---

[2] The Court's determination of Plaintiff's motion for conditional certification was undertaken without the benefit of discovery.

7

correctly point out, the Florida cases Defendant relied on in support of its opposition to Plaintiff's certification motion provide no support for Defendant's claim that "the appropriate standard" for conditional certification now requires review by the Eleventh Circuit on interlocutory appeal pursuant to 18 U.S.C. 1292(b).  Indeed, these cases profess to follow the two-stage process and fairly lenient standard set out in *Hipp.*  As Plaintiff notes, the different outcomes in the Florida cases were driven by the evidence before those courts.

In one of the cases relied on by Defendant in opposition to Plaintiff's motion, *Gomez v. United Forming, Inc.*, Judge Presnell of the Middle District of Florida employed the same two-tiered approach used by this Court, but denied conditional certification based on the insufficiency of the plaintiff's affidavits. *Gomez v. United Forming, Inc.*, 2009 WL 3367165, *2 (M.D. Fla. Oct. 15, 2009). In *Gomez*, the plaintiff sought certification of a nationwide class consisting of thousands of laborers.  *Id.*  In support of his motion, the plaintiff submitted affidavits from only three individuals (plaintiff's family members) consisting solely of formulaic general averments that they are or were similarly situated employees who want to join this suit. *Id.*  The Court noted that the plaintiff failed to include a single affidavit from a similarly situated employee who worked on a job site other than the defendant's job site in Orlando, Florida.  *Id.*  Accordingly, the district court found that the plaintiff's affidavits failed to satisfy the Eleventh Circuit's fairly lenient standard, and that the deficiencies were fatal to the plaintiff's motion for conditional certification and "must be cured before any

8

collective action can proceed." *Id.* After denying the plaintiff's motion, the district court proceeded to provide the plaintiff with a road-map for conditional certification:

> In order to proceed collectively, Plaintiff must first offer some evidence, other than the conclusory statements in the present affidavits, that there are similarly situated employees—other than Plaintiff's own family members—who want to join this action. This evidence needs to include some indicia that Plaintiff's job requirements and pay provisions were similar to others in the class (including, for example, that employees worked for the same superintendent or at the same job site).  Second, in order to proceed collectively on a nationwide basis, Plaintiff must offer some concrete evidence that the job requirements and pay provisions of Defendant's employees at sites located outside of Orlando, Florida were similar to those at other offices or sites.  Based on the present affidavits, the only three individuals interested in joining this suit worked out of Defendant's Orlando office or at Defendant's Orlando job site. There is simply no evidence concerning Defendant's other offices, job sites, or Defendant's pay policies at those other offices or sites.  Finally, Plaintiff must address the extent to which individualized inquires into each employee's day-to-day activities may be necessary in this case. As Defendant indicated in its response, Defendant's time keeping practices vary from superintendent to superintendent and from site to site. Neither Plaintiff nor the three present affiants have identified their superintendent(s) or averred how their time was kept. Assuming there are fact-specific inquires regarding the manner in which each employee's time was kept, this case may not be appropriate for collective treatment.

*Id.*

Like the district court in *Gomez*, this Court would have denied Plaintiff's motion based on the original formulaic and conclusory declarations submitted by Plaintiff.  Thus, this Court ordered that the deficiencies be cured by way of supplemental declarations setting forth specific and detailed factual allegations

9

before conditional certification would be granted.  (April 18, 2012, Hearing Tr. at 52-57, Doc. 70.)

A controlling question of law contemplated by section 1292(b) is one that involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" rather than "the application of settled law to fact." *McFarlin*, 381 F.3d at 1257-58 (citing *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676 (7th Cir.2000)) (recognizing the distinction between a question of law that will satisfy § 1291(b) and "a question of fact or matter for the discretion of the trial court").  Essentially, Defendant seeks an appeal regarding whether there is a sufficient factual basis in the record to sustain the Court's conditional certification of a collective action under 18 U.S.C. § 216(b).  However, in the context of the record in this case, the Court cannot find that its Order of June 28th presents any controlling questions of law under section 1292(b).  The Court's finding was based a review of the Plaintiff's factual allegations and the supplemental declarations – the opposite of the situation where the Court of Appeals can "rule on a pure, controlling question of law without having to delve beyond the surface of the record ..." *McFarlin*, 381 F.3d at 1259.

By its very nature, conditional certification is a tentative determination that is inappropriate for interlocutory appeal under the Supreme Court's mandate in *Cohen*.  *See Cohen*, 337 U.S. at 546 (holding that § 1292 disallows appeals "from any decision which is tentative, informal or incomplete" or on any

matter that "remains open, unfinished or inconclusive.")  In the first stage of the certification process, the district court makes a decision based on limited information, such as detailed pleadings and affidavits, whether notice of the action should be given to potential class members.  *Hipp*, 252 F.3d at 1218; *Anderson*, 488 F.3d at 952-53.  The first step is a conditional certification because the decision may be reexamined once discovery is complete and the case is ready for trial.  *See Morgan*, 551 F.3d at 1261.  The decision may be revisited at the second stage of the certification process upon the defendant filing a motion for "decertification" usually after discovery is largely complete.  *Hipp*, 252 F.3d at 1218; *Anderson*, 488 F.3d at 953.  During the second stage, the standard "is less lenient, and the plaintiff bears a heavier burden."  *Morgan*, 551 F.3d at 1261.  The district court "has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity."  *Id.*  At the second stage, in order to overcome the defendant's evidence opposing certification, plaintiffs must rely on more than just allegations and affidavits.  *Id.*  Thus, a ruling by the Court at the second stage on a motion for decertification could very well render moot the challenges Defendant seeks to assert on appeal.

Additionally, Defendant's assertion that an interlocutory appeal to determine the "appropriate standard" to apply to the notice/conditional certification stage would materially advance this litigation is unpersuasive in light of the Eleventh Circuit's recognition that "[t]he benefits of a collective action 'depend on employees receiving accurate and *timely* notice . . . so that they can

11

make informed decisions about whether to participate.'" *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d at 1259-60 (emphasis added).

Thus, in light of the principles set forth by the Eleventh Circuit in *McFarlin*, this case presents a "textbook example" of a situation where § 1292(b) certification should *not* be granted. *See id. at* 1253, 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on whether ... the district court properly applied settled law to the facts or evidence of a particular case.").

## B. Whether the Supreme Court's Decision in *Wal-Mart Stores, Inc. v. Dukes* Warrants Certifying This Court's Order for an Interlocutory Appeal

Defendant asserts that the alleged "uncertainty regarding the appropriate conditional certification standard in this Circuit is magnified by the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes"* without suggesting what impact Defendant believes *Dukes* would have on the Eleventh Circuit's FLSA collective action jurisprudence*.* In *Dukes*, the Supreme Court held that certification of a class of approximately one and a half million plaintiffs, current and former female employees of Wal–Mart alleging that the discretion exercised by their local supervisors over pay and promotion matters violated Title VII's prohibition against gender discrimination, was improper under Fed. R. Civ. P. 23. *Dukes,* ---U.S. ---, 131 S.Ct. 2541 (Jun. 20, 2011). Numerous courts, including district courts in this Circuit, have refused to apply *Dukes* on motions for

conditional certification under the FLSA.[3] *Robinson v. Ryla Teleservices, Inc.*, 2011 WL 6667338, *3 (S.D. Ala. 2011) (holding that "if applicable at all, *Dukes* is not applicable at the first step of the two-step collective action certification process"); *Romero v. Florida Power & Light Co.*, 2012 WL 1970125 (M.D. Fla. June 1, 2012) (finding the *Dukes* decision to be procedurally limited to class actions pursuant to Fed. R. Civ. P. 23 because "from a procedural standpoint, a Rule 23 class action has differing standards for certification and potentially binds absent class members, whereas the FLSA collective action affects an identified group of similarly situated workers who have opted into the case"); *Winfield v. Citibank, N.A.*, 2012 U.S. Dist. LEXIS 16449 (S.D.N.Y. Jan. 27, 2012); *Spellman v. American Eagle Exp., Inc.*, 2011 WL 4014351 (E.D.Pa. July 21, 2011) (denying motion to reconsider an order conditionally certifying collective action, noting that the plaintiff made the requisite " 'modest factual showing' that the similarly situated requirements is satisfied" and that the defendant, at the close of discovery/conclusion of initial stage of the certification process, "may argue that *Dukes's* analysis of what constitutes a 'common question' is persuasive to this Court's analysis of whether an FLSA collective action should be certified"); *Alli v. Boston Market Co.*, 2011 WL 4006691, at *7 n. 3 (D.Conn. Sep. 8, 2011) (in

---

[3] In *Rindfleisch v. Gentiva Health Services, Inc.*, in an order addressing the scope of discovery in an opt-in collective action under the FLSA, Judge Jones found that the "*Dukes* holding is of limited import in the FLSA context" and noted that courts have repeatedly distinguished the more stringent commonality requirement in Rule 23 from the "similarly situated" requirement in FLSA collective actions. Civil Action No. 1:10–cv–3288–SCJ, 2011 WL 7662026, *4 (Dec. 29, 2011) (citing *Creely v. HCR ManorCare, Inc.*, 2011 WL 3794142 (N.D.Ohio July 1, 2011) and *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 ("While Congress could have imported the more stringent criteria for class certification under [Rule] 23, it has not done so in the FLSA."))).

response to the defendant's notice of supplemental authority, including *Dukes*, Judge Hall noted, "Assuming for the sake of argument that Rule 23 cases [, like *Dukes*,] might provide some guidance in FLSA collective action cases, they do not alter the standard applicable at the initial, conditional certification stage. Until the potential plaintiffs receive notice and decide whether to opt-in, the court should not and will not decide whether the case actually ought to be resolved as a collective action.") (citations omitted); *Creely v. HCR ManorCare, Inc.*, 2011 WL 3794142, *1 (N.D. Ohio July 1, 2011)[4].

The Eleventh Circuit has long recognized critical distinctions between certification of a collective action under § 216(b) of the FLSA and class certification under Fed. R. Civ. P. 23(b). *See, e.g., Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir.1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure."). Participants in a putative collective action under § 216(b) of the FLSA must affirmatively opt into the suit such that the decision to certify a collective action, on its own, does not create a class of plaintiffs; rather the

---

[4] In *Creely*, the district court refused a defendants' request to consider *Dukes*, noting that the "commonality" requirement of Rule 23(a)(2) is distinct from the FLSA's "similarly situated" requirement. 2011 WL 3794142, at *1. Furthermore, the court distinguished its facts from those in *Dukes* because in *Dukes*, the "resolution of the plaintiffs' gender-based Title VII claims depended on the reasons for each particular employment decision," whereas "the FLSA claims before [that] Court [did] not require an examination of the subjective intent behind millions of individual employment decisions because the crux of [the] case [was] whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights." *Id.* Finally, *Creely* recognized that the FLSA's "opt-in" procedure obviated the Supreme Court's second concern in *Dukes* that because plaintiffs' individual money-damages claims predominated, the absence of notice and opt-out procedures under Rule 23(b)(2) violated plaintiffs' due process rights. *Id.*

"existence of a collective action under § 216(b) . . . depend[s] on the active participation of other plaintiffs."[5] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259-60 (11th Cir. 2008). "Unlike opt-in collective actions under § 216(b), a district court's decision to certify a Rule 23(b) class binds all the class members." *Id.* (citing *Cameron-Grant v. Maxim Healthcare Servs. Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (detailing the wide range of differences between § 216(b) collective action and Rule 23 class action)). Thus, the Court finds the *Dukes* decision, employing a "rigorous analysis" for determining class certification under Fed. R. Civ. P. 23, is inapplicable to a district court's determination of whether to provide notice to a conditional class of opt-in plaintiffs under 18 U.S.C. § 216(b) that will be re-examined once discovery and the record are more complete. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 158–61 (1982); *compare Morgan*, 551 F.3d at 1260-61 ("[T]he importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees.") with *Dukes*, 131 S.Ct. at 2552 ("A party seeking class certification [under Rule 23] must affirmatively . . . prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. . . certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied . . . ")(internal citations omitted).

---

[5] Indeed, based on the record, Plaintiffs indicate that only a fraction of the 20,000 potential employee class-members will opt-in to the collective action.

## IV. CONCLUSION

Accordingly, Defendant's Motion for Certification of Issue for Interlocutory Appeal, Tolling of Statue of Limitations, and Stay of Proceedings Pending Resolution of Appeal [Doc. 81] is **DENIED**[6]. Finally, the Court finds that the statute of limitations on the claims of future opt-in Plaintiffs should be tolled from the date of this Court's June 28, 2012, Order conditionally certifying the collective action to the date of distribution of the Court-approved Notice for Distribution to Potential Class Members. This tolling is warranted based on Defendant's consent to such tolling at the time it filed its Motion for Interlocutory Appeal, (Doc. 81-1 at 9-10), and because Defendant had agreed to the notice and distribution process in the event the Court granted conditional certification, (*see* Docs. 56 & 74). Plaintiff's counsel is **DIRECTED** to distribute the approved notice no more than 45 days after the entry of this Order.

It is **SO ORDERED** this 21st day of August, 2012.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[6] As Defendant's request for interlocutory appeal is denied, the requests for tolling and a stay of proceedings pending appeal are DENIED AS MOOT.