IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KURTIS JEWELL, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:12-CV-0563-AT |
| v. | : : | |
| AARON'S, INC. | : : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the parties' Joint Statement Regarding Plaintiffs' 30(b)(6) Deposition Notice [Doc. 204].

Defendant objects to Plaintiff's Amended Notice of Depositions of Defendant Aaron's Inc. [Doc. 204-1] as a whole because it seeks a company representative "with corporate-level knowledge" to testify "regarding the existence, nature, and whereabouts of information, documents, and ESI" of certain types or on certain matters identified in the Notice.[1]  Specifically,

---

[1] In addition to requesting that Defendant designate one or more corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6) to testify about the various topics identified in the Notice, Plaintiff also noticed the deposition of Cory Voglesonger, Defendant's Director of Store Software. Defendant seeks clarification as to whether Plaintiff seeks to depose Mr. Voglesonger as a percipient witness or as a 30(b)(6) corporate representative.  Plaintiff indicates that he intends to depose Mr. Voglesonger on January 21, upon oral cross-examination, regarding the software-related information that is generated and kept regarding Defendant's retail stores. Plaintiff's Notice then indicates that the Rule 30(b)(6) deposition will commence at the conclusion of the Voglesonger deposition.  Accordingly, to the extent that Defendant does not designate Mr. Voglesonger as a corporate representative with knowledge of the topics identified

Defendant objects to the scope of the Notice on the following grounds: (1) two or more witnesses would be required to testify about each of the topics listed in the Notice; (2) witnesses would be required to testify about the subject and contents of the documents; and (3) it is impossible to ascertain Plaintiff's purported meaning regarding the topics from the language used in the Notice.

In response to Defendant's objections, Plaintiff indicates that he will not question the deponents about individual documents that have been produced in the case.  Rather, Plaintiff clarified that the questioning will consist of three simple general forms of inquiry: (1) what types of documents does the company generate or keep in the specified category (existence), (2) what kinds of information do the documents record and in what form (nature), and (3) where are the documents kept or filed (whereabouts).

The Court finds that Defendant should be able to designate corporate representatives from its various departments (operations, human resources, payroll) to respond to these three areas with respect to the 43 topics specifically identified in the Notice.[2]  Defendant should be prepared to address in its argument why it cannot adequately prepare its witnesses to testify by the scheduled date of January 21 at the telephone conference scheduled with the Court on January 17 at 2:00 p.m.  Defendant should be prepared to proceed with

---

in the Notice, Mr. Voglesonger shall testify in his individual capacity based on his own personal knowledge.

[2] For example, Defendant should be able to produce a corporate representative to testify in response to Topic 13 regarding what types of documents the company generates or keeps relating to its human resource policies and practices, what kinds of information those documents record, and in what form, and where those documents are kept or filed.

the depositions as noticed unless otherwise indicated by the Court at the January 17th conference.  In the event the Court grants any relief, Defendant should be prepared to identify alternate dates that its corporate representatives can be made available for deposition within a short time-frame.

It is **SO ORDERED** this 16th day of January, 2014.

_____
**Amy Totenberg
United States District Judge**