IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KURTIS JEWELL<br><br>on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>AARON'S, INC.,<br><br>        Defendant. | Civil Action No.: 1:12-cv-00563-AT<br><br><br><br>**SUPPLEMENT TO JOINT MOTION FOR APPROVAL OF SETTLEMENT, PARTIAL DECERTIFICATION OF CONDITIONALLY CERTIFIED CLASS, AND DISMISSAL** |

The parties, Aaron's Inc. ("Aaron's" or "Defendant") and Kurtis Jewell ("Jewell" or "Plaintiff") (collectively "Parties"), through their counsel, respectfully submit this supplement to their Joint Motion for Approval of Settlement, Partial Decertification of Conditionally Certified Class, and Dismissal. The following points address the numbered paragraphs in the Court's October 23, 2014 Order:

    1.    In the attached Exhibit 1, the Parties identify the opt-ins who are subject to the partial decertification motion and would be dismissed from the lawsuit without prejudice under the proposed settlement.[1]

---

[1] There are a total of 1288 opt-ins to be dismissed without prejudice. This figure, including the 493 Opt-In Claimants, equals a total conditionally certified class of 1781. This figure varies by one individual from the

2. In the attached Exhibit 2, the Parties submit a proposed Order Granting Partial Decertification. Its attachments consist of (a) the above list of opt-ins who would be dismissed without prejudice, and (b) a proposed Notice to those opt-ins informing them of the decertification and the dismissal of their claims and explaining their rights, including the tolling of the statute of limitations for purposes of their pursuing their claims individually.

3. The "Form for Individual Settlement and Release Agreement" constitutes the "Release and Covenant Not to Sue," and the terms of the Individual Settlement are contained in the "Release and Covenant Not to Sue."

4. The attached Exhibit 3 is a revised version of the "Release and Covenant Not to Sue." The Parties added a deadline of four (4) months for returning the "Release and Covenant Not to Sue" to receive funds under Section 2 of the Master Settlement Agreement. Also, the Parties have added language that states "If you fail to timely submit the form by ____, your funds will revert to Aaron's pursuant to the Master Settlement Agreement." Furthermore, this form will be mailed to the subject opt ins within 30 (thirty) days after the Court grants the Joint

---

information contained in the declaration of Jason R. Bristol. This discrepancy is caused an employee (Michael Moore) being erroneously included in the data produced by Defendant and relied upon by the Parties. This individual did not file a consent to join the suit. As a result, the correct number of opt ins equals 1781, not 1782.

Motion. It will be mailed by the settlement administrator, Kurtzman Caron Consultants, to each of the opt ins at their residence address, which have been maintained by Plaintiff's Counsel and will be updated through the National Change of Address Database by the settlement administrator.

5. The revised version of the Master Settlement Agreement attached as Exhibit 4 has been signed by all of the Parties, including Aaron's corporate representative and Plaintiff's local counsel.

6. In the attached Exhibit 5, the parties submit the exhibit referenced in, but advertently omitted from, the Declaration of Plaintiff's Lead Counsel Jason R. Bristol. It includes a summary of the hours and billing rates of all of the firms and lawyers who served as Plaintiff's Counsel, including Cohen Rosenthal & Kramer LLP, The Lazzaro Law Firm, Thomas A. Downie, and Andrews Stembridge LLC. Between October 2011 and October 2012, Thomas A. Downie was associated with Cohen Rosenthal & Kramer LLP. However, Mr. Downie's hours are listed solely under his current law firm, and are not included in Cohen Rosenthal & Kramer LLP's hours.

The division of fees among Plaintiff's Counsel is explained below:

Under the proposed settlement, local counsel Andrews Stembridge LLC will receive its lodestar ($18,684.40) with no reduction. By agreement of the parties, that amount will be paid out of the separately-negotiated cost reimbursement, rather than from the fee award. The payment to Andrews Stembridge is in accordance with the original agreement with local counsel. *See* Declaration of Blake Andrew attached as Exhibit 6.

The division of fees among the other three firms would be as follows: $504,000.00 in attorneys' fees and $40,851.41 in costs to Cohen Rosenthal & Kramer LLP, $342,000.00 in attorneys' fees and $4,133.19 in costs to The Lazzaro Law Firm, LLC, and $54,000.00 in attorneys' fees and $331.00 in costs to Thomas A. Downie. The firms' proportionate shares were agreed upon in advance and represent the firms' collective judgment of their fair shares based on all relevant factors, including the responsibilities undertaken to the client and to the case as a whole, the relative expense necessary to fulfill those responsibilities, and the firms' respective responsibilities for the advancement of litigation costs.

The Declarations of Counsel include detailed explanations of the firms' respective roles and tasks. Mr. Lazzaro recognized the potential for the class claims after being initially contacted by Kurtis Jewell in June, 2011, and sought to partner

with Lead counsel Cohen Rosenthal & Kramer LLP in the prosecution of a nationwide class case.

Throughout the litigation, Lead counsel Cohen Rosenthal & Kramer LLP acted as primary spokesman for Plaintiff during all communications with the Court, discussions with defense counsel, and settlement negotiations. Lead counsel also performed significant legal research and drafting of pleadings and other Court submissions. Lead counsel contributed the majority of the attorney hours and administrative effort necessary to the prosecution of this collective action. Lead Counsel propounded discovery, responded to discovery, reviewed and analyzed the evidence, prepared for and defended depositions, and was responsible for the strategic decisions made on behalf of the class.

The Lazzaro Law Firm, LLC served as the primary liaison with Plaintiff Kurtis Jewell and was chiefly responsible for preliminarily investigating the case; preparing the pleadings; obtaining, managing, and analyzing wage data and related information necessary to establish damages claims and conduct effective settlement negotiations; and preparing the representative opt-ins for deposition testimony. The Lazzaro Law Firm, LLC also contributed substantially to the attorney hours and administrative effort necessary to managing the collective action.

Mr. Downie's principal contributions during his association with Cohen Rosenthal & Kramer LLP and thereafter consisted of litigation skills and class action experience, including methods of proving claims on a classwide basis.

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), counsel for the Parties certify that this supplement has been prepared in Times New Roman 14 point—one of the fonts approved in Local Rule 5.1(B).

Jointly and respectfully submitted this 6th day of October, 2014

| PLAINTIFF KURTIS JEWELL | DEFENDANT AARON'S INC. |
|---|---|
| s/ Jason R. Bristol<br>Jason R. Bristol (0072989)<br>jbristol@crklaw.com<br>COHEN ROSENTHAL & KRAMER LLP<br>The Hoyt Block Building - Suite 400<br>700 West St. Clair Avenue<br>Cleveland, Ohio 44113<br>Telephone: (216) 781-7956<br>Facsimile: (216) 781-8061<br><br>Anthony J. Lazzaro (0077962)<br>anthony@lazzarolawfirm.com<br>THE LAZZARO LAW FIRM, LLC<br>920 Rockefeller Building<br>614 W. Superior Avenue<br>Cleveland, Ohio 44113<br>Telephone: (216) 696-5000<br>Facsimile: (216) 696-7005 | s/ Jeffrey L. Glaser<br>Brett C. Bartlett<br>Georgia Bar No. 040510<br>bbartlett@seyfarth.com<br>Louisa J. Johnson<br>Georgia Bar No. 391805<br>lojohnson@seyfarth.com<br>Jeffrey L. Glaser<br>Georgia Bar No. 296454<br>jglaser@seyfarth.com<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street, NE, Suite 2500<br>Atlanta, GA 30309-3962<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056<br><br>*Counsel for Defendant* |

Thomas A. Downie (0033119)
tom@chagrinlaw.com
*Attorney at Law*
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
Telephone: (440) 973-9000

Blake Andrews
Ga. Bar No. 019375
Andrews & Stembridge, LLC
1904 Monroe Drive NE, Suite 130
Atlanta, GA 30324
Telephone: (770) 828-6225
Facsimile: (866) 828-6882
blake@andrewsstembridge.com

*Counsel for Plaintiff*